IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV316-1-MU

GEORGE W. BLACKWELL,            )
                                )
        Petitioner,             )
                                )
    v.                          )           **O R D E R**
                                )
JAMES CAVANAUGH, supt.,         )
                                )
        Respondent.             )
_____)

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed August 24, 2004, and Petitioner's Motion for Discoveries, filed September 22, 2004.

For the reasons set forth below, this Court denies Petitioner's Motion for Discoveries, grants Respondent's Motion for Summary Judgment, and dismisses Petitioner's Petition for a Writ of Habeas Corpus.

## **PROCEDURAL HISTORY**

On August 14, 2002, in the Superior Court of Mecklenburg County, Petitioner, after trial by jury, was convicted of voluntary manslaughter and possession of a weapon of mass destruction (a sawed off shot gun). Petitioner was sentenced to 72-96 months imprisonment. On February 17, 2004, the North Carolina Court of Appeals issued a published opinion finding no error and the Supreme Court of North Carolina denied his pro se petition for discretionary review

(which was treated as a certiorari petition)[1] on May 6, 2004. State v. Blackwell, 163 N.C. App. 12, 592 S.E..2d 701, cert. denied, 358 N.C. 378 (2004).

On June 28, 2004, Petitioner filed the instant federal habeas petition. In his petition, Petitioner asserts that: (1) he was subjected to an unconstitutional search and seizure; (2) he was compelled to make a statement without receiving any Miranda warnings; (3) insufficient evidence existed to support his convictions; (4) his indictment did not provide him with sufficient notice of the charges against him; (5) he was not confronted with witnesses against him; (6) and his constitutional rights were violated because the prosecutor was allowed to amend the pattern jury instructions.

## ANALYSIS

### I. Standard of Review for Habeas Petitions

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the

---

[1] Petitioner argues that he did not want his petition for discretionary review converted to a certiorari petition. Petitioner appears to believe that this conversion somehow effected his ability to exhaust his claims. This Court does not find that to be the case. This is particularly true when regardless of whether Petitioner raised claims not previously raised in his direct appeal in a petition for discretionary review or in a certiorari petition, the claims would still be unexhausted. See Castille v. Peoples, 489 U.S. 346, 351 (1989)(raising a claim for the first time in a discretionary petition to a state appellate court, is insufficient to exhaust state remedies) Moreover, Petitioner could have exhausted his state court remedies by using the state collateral review process.

claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[2] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S. 1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000),

---

[2] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

## II. Search and Seizure Claim

Petitioner argues that he was subjected to an unreasonable search and seizure. More specifically, Petitioner alleges that Officer Scott P. Hurley's decision to turn on the MVR video and audio recorder upon arriving at the scene of the killing in order to record Petitioner's comments made without questioning violated his Fourth and Fourteenth Amendment rights.

Respondent argues, and this Court agrees, that Petitioner is barred from raising his Fourth Amendment claim. In Stone v. Powell, 428 U.S. 465, 494 (1976), the United States Supreme

Court held that federal habeas corpus is not available for review of Fourth Amendment claims where the state provided a full and fair opportunity to litigate the claim. In the instant case, Petitioner had a full and fair opportunity to litigate and chose not to do so.

Moreover, even if Petitioner was not barred by Stone from raising his Fourth Amendment claim, he is procedurally barred from raising his Fourth Amendment and his Fourteenth Amendment claims because he did not raise them on direct appeal. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. § 15A-1419. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not allege any cause[3] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

## III. Miranda Warning Violation

Petitioner alleges that his Fifth and Fourteenth Amendment rights were violated because he was compelled to make a statement without any Miranda warnings. More specifically, Petitioner alleges that the MVR video and audio recorder were activated in order to record his comments made without questioning and that he was subjected to custodial interrogation without

---

[3] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise this claim constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

5

Miranda warnings.

Petitioner is procedurally barred from raising this claim because, again, he did not raise this claim on direct appeal. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. § 15A-1419. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not allege any cause[4] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

## IV. Insufficient Evidence

Petitioner alleges that his Sixth and Fourteenth Amendment rights were violated because insufficient evidence existed to support his convictions.

Petitioner raised this claim on direct appeal where it was denied on the merits. The North Carolina Court of Appeals ruled as follows:

> Defendant first argues there was insufficient evidence upon which to convict him of voluntary manslaughter because the State failed to present sufficient evidence that the shooting was not committed in self-defense.

---

[4] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise this claim so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

Voluntary manslaughter is defined as "the unlawful killing of a human being without malice, express or implied, and without premeditation or deliberation." State v. McNeil, 350 N.C. 657, 690, 518 S.E.2d 486, 506 (1999)(quoting State v. Rinck, 303 N.C. 551, 565, 280 S.E.2d 912, 923 (1981))." Generally, voluntary manslaughter occurs when one kills intentionally but does so in the heat of passion suddenly aroused by adequate provocation or in the exercise of self-defense where excessive force is used or [the] defendant is the aggressor." State v. Jackson, 145 N.C. App. 86, 90, 550 S.E.2d 225, 229 (2001). In this case, defendant contends he did not commit voluntary manslaughter because he was acting in self-defense.

Pursuant to the law of perfect self-defense, a killing is excused altogether if, at the time of the killing, four elements existed:

"(1) it appeared to defendant and he believed it to be necessary to kill the deceased in order to save himself from death or great bodily harm; and

(2) defendant's belief was reasonable in that the circumstances as they appeared to him at the time were sufficient to create such a belief in the mind of a person of ordinary firmness; and

(3) defendant was not the aggressor in bringing on the affray, i.e., he did not aggressively and willingly enter into the fight without legal excuse or provocation; and

(4) defendant did not use excessive force, i.e., did not use more force than was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm."

State v. Norris, 303 N.C. 526, 530, 279 S.E.2d 570, 572-73 (1981)(citation omitted). When the evidence in a homicide prosecution raises the issue of self-defense, the State bears the burden of proving the defendant did not act in self-defense. State v. Gilreath, 118 N.C. App. 200, 208, 454 S.E.2d 871, 876 (1995). The test on a motion to dismiss is therefore whether the State has presented substantial evidence which, when taken in the light most favorable to the State, would be sufficient to convince a reasonable juror that the defendant did not act in self-defense. Id.

In this case, the State presented evidence that the victim was

unarmed and his body was found in his own backyard fourteen and a half feet from the fence separating his property from defendant's residence. Other evidence revealed defendant left the initial confrontation with the victim in order to retrieve his shotgun. See State v. Fritsch, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000)(on a motion to dismiss, defendant's evidence should be ignored unless it is favorable to the State or does not conflict with the State's evidence). He then returned with his shotgun, ultimately using it to kill the victim. This is evidence that defendant was not threatened with death or great bodily harm and that defendant exerted excessive force against the victim. Furthermore, as defendant left the scene and returned with a shotgun this is evidence that he entered into the confrontation willingly. This is sufficient evidence to support a voluntary manslaughter conviction. Defendant's evidence to the contrary does not negate the State's evidence, but is instead evidence to be considered by the jury in reaching its verdict. See In re Wilson, 153 N.C. App. 196, 198, 568 S.E.2d 862, 863 (2002).

. . . .

Defendant next argues that there was insufficient evidence to support the charge of felonious possession of a weapon of mass destruction. Specifically, defendant contends the proof did not match the indictment. Defendant was indicted for felonious possession of a weapon of mass destruction, "to wit: a Stevens 12 gauge single-shot shotgun." Defendant contends the only evidence presented was that the shotgun was an "Eastern Arms" shotgun. Defendant, however, ignores the testimony he elicited on cross-examination that "Eastern Arms" was a brand name of Jay Stevens Arms. This is evidence the shotgun was manufactured by Jay Stevens Arms and would thus be a Stevens shotgun.

Moreover, even if there was no evidence that the shotgun was a Stevens shotgun, the test for whether there is a fatal variance in the indictment is whether "the act or omission [alleged] is clearly set forth so that a person of common understanding may know what is intended." State v. Snyder, 343 N.C. 61, 66, 468 S.E.2d 221, 224 (1996)(quoting State v. Coker, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984)). In this case, any person of common understanding would have understood that he was charged with possessing the sawed-off shotgun that he used to shoot the victim on the night alleged.

State v. Blackwell, 592 S.E.2d at 704-07.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In Jackson, the Supreme Court held that when reviewing a claim of insufficiency of the evidence, a court must consider whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 324; see also Wright v. West, 505 U.S. 277 (1992)(same).

In the instant case, as noted by the North Carolina Court of Appeals, sufficient evidence existed to support a finding beyond a reasonable doubt that Petitioner had not acted in self-defense and that sufficient evidence existed to support the voluntary manslaughter and a felonious possession of a weapon of mass destruction convictions. After reviewing all the evidence in the light most favorable to the prosecution, this Court does not find that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Likewise, Petitioner does not assert and this Court does not find that the state court ruling was based on an unreasonable determination of facts, in light of the evidence presented in state court proceedings.

## V. **Defective Indictment**

Petitioner alleges that his constitutional rights were violated because his indictment did not give him sufficient notice of the charge against him. More specifically, Petitioner alleges that

his indictment set forth that he possessed a weapon of mass destruction "to wit: a Stevens 12 gauge single-shot shotgun" while the States evidence established that he possessed an "Eastern Arms Company" firearm.

Petitioner's unlawful indictment allegation is a state law claim.[5] A misapplication of state law, however, does not entitle a prisoner to federal habeas review. In order to state a ground for relief, a clearly established federal right violation must be alleged. See Estelle v. McGuire, 502 U.S. 62 (1991)("It is not the province of a federal habeas court to re-examine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Thomas v. Taylor, 170 F.3d 466 (4th Cir. 1999)(a claim that an act of the state legislature had been misconstrued is not cognizable on federal habeas review).

Moreover even if this were somehow construed as a federal claim, Petitioner raised this same claim on direct appeal where it was denied. In denying this claim, the North Carolina Court of Appeals stated that:

> [E]ven if there was no evidence that the shotgun was a Stevens shotgun, the test for whether there is a fatal variance in the indictment is whether "the act or omission [alleged] is clearly set forth so that a person of common understanding may know what is intended" State v. Snyder, 343 N.C. 61, 66, 468 S.E.2d 221, 224 (1996)(quoting State v. Coker, 312 N.C. 432, 435, 323 S.E.2d 343, 346 (1984)). In this case, any person of common understanding would have understood that he was charged with possessing the sawed-off shotgun that he used to shoot the victim on the night

---

[5] Deficiencies in state indictments typically are not matters of federal law. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985)(Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process.).

alleged.

Because the state court adjudicated this claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner does not meet his burden.

## VI. **Witness Confrontation**

Petitioner alleges that his constitutional rights were violated because he was not confronted with witnesses against him. More specifically, Petitioner alleges that the trial court impermissibly allowed the state's expert witness to testify about information he obtained from the Internet related to whether the sawed-off shotgun used in the killing was antique.[6]

Petitioner is procedurally barred from raising this claim because, again, he did not raise this claim on direct appeal.[7] The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. 15A-1419. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See

---

[6] The Court notes that it was Petitioner's counsel who elicited the contested testimony. Thus, even if it were error, it was invited error and it cannot form the basis for federal habeas relief. See Wilson v. Ozmint, 357 F.3d 461, 467 (invited error does not warrant federal habeas relief).

[7] Petitioner raised a related hearsay claim based upon state evidentiary law in his brief on direct appeal. He did not however raise his current contention in federal constitutional terms. See Duncan v. Henry, 513 U.S. 364 (1995)(petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court).

11

Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.[8]

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not allege any cause[9] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

## VII. Impermissible Amendment of Pattern Jury Instructions

Petitioner argues that his constitutional rights were violated because the prosecutor was allowed to amend the pattern jury instructions. To support this contention, Petitioner raises four separate subcontentions:

> (1) The prosecutor was allowed to amend the pattern jury instruction on possession of a weapon of mass destruction by utilizing a pattern jury instruction on possession of a weapon of mass destruction by a convicted felon, and this amended the elements contained in the indictment for possession of a weapon of

---

[8] The fact that Petitioner raised this claim in federal constitutional terms in his petition for discretionary review to the North Carolina Supreme Court (which was treated as a certiorari petition) was not sufficient to properly present this claim to the state courts for adjudication and would not avoid the procedural bar. See Castille v. Peoples, 489 U.S. 346 (1989)(raising a claim for the first time in a discretionary petition to a state appellate court, is insufficient to exhaust state remedies) and Felton v. Barnett, 912 F.2d 92 (4th Cir. 1990)(certiorari petition under North Carolina procedure, like a certiorari petition to the United States Supreme Court, is a discretionary petition and its denial is not an adjudication of the merits of the claims but merely a refusal to hear the case), cert. denied, 498 U.S. 1032 (1991).

[9] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise his claim in constitutional terms constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

mass destruction;

 (2) The trial court allowed the pattern jury instruction on alleged false, contradictory or conflicting statements heard by the jury;

 (3) The trial court committed plain error by limiting the instruction on the right to self-defense to a situation in which the victim had a weapon in his possession; and

 (4) there was no curative jury instruction to mitigate possible prejudice occurring from a material variance or possible constructive amendment to the indictment, i.e., the state's expert said the sawed-off shotgun was a "Stevens Zabbs" brand shotgun and the indictment stated it was a "Stevens" shotgun when the brand imprinted on the shotgun was "Eastern Arms Company."

Subcontentions 1, 2, and 4 were not raised on direct appeal. Consequently, Petitioner is procedurally barred from raising these claims. The failure to raise a claim on direct review results in it being procedurally defaulted. See N.C. Gen. Stat. 15A-1419. The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner, however, does not

allege any cause[10] for his failure to exhaust and thus this Court holds that his claim is procedurally defaulted.

Petitioner's subcontention 3 is barred because he did not raise this claim in federal constitutional terms in state court. That is, he only raised this claim in state law terms. See Duncan v. Henry, 513 U.S. 364 (1995)(petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court).

If Petitioner were to return to state court and attempt to raise this claim, it would be considered procedurally barred pursuant to North Carolina's mandatory post-conviction procedural bar statute. See N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3) and (b). The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted this claim.

## VIII. Petitioner's Motion for Discovery

In conjunction with his response to Respondent's Motion for Summary Judgment, Petitioner requests that the Court order Respondent to answer his First Set of Interrogatories and First Request for Documents.

Pursuant to Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254, a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery in such proceedings is extremely limited. See Bracy v. Gramley, 520 U.S. 899, 117 S. Ct. 1793, 1796-97 (1997). After reviewing

---

[10] The Court notes that any claim by Petitioner that his appellate counsel's failure to raise his claim in constitutional terms constituted cause so as to excuse his procedural default would itself be unexhausted. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

the record in this case, the Court concludes that discovery is unnecessary in this case and Petitioner's Motion for Discoveries is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for Discoveries is **DENIED**;

2. Respondent's Motion for Summary Judgment is **GRANTED**; and

3. Petitioner's federal habeas petition is **DISMISSED**.

**Signed: November 9, 2005**

Graham C. Mullen
Chief United States District Judge